**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HORATIO WASHINGTON DEPOT<br>TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>TOLMAR, INC., TOLMAR<br>PHARMACEUTICALS, INC., and<br>TOLMAR THERAPEUTICS, INC.,<br><br>Defendants. | C.A. No. 17-1086-LPS-CJB |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 30-page Report and Recommendation[1]

("Report") (D.I. 77), dated November 1, 2018, recommending that the Court grant-in-part and

deny-in-part[2] Defendants Tolmar, Inc., Tolmar Pharmaceuticals, Inc., and Tolmar Therapeutics,

Inc.'s (together, "Tolmar") motion (D.I. 12) to dismiss Plaintiff Horatio Washington Depot

Technologies LLC's ("Horatio") Complaint (D.I. 1);

WHEREAS, on November 15, 2018, Horatio objected ("Horatio's Objections" or

"Horatio's Objs.") (D.I. 89) to the Report, specifically objecting to the Report's conclusion that

---

[1] On November 26, 2018, Magistrate Judge Burke issued an Errata Order (D.I. 95) correcting
what appear to be typographical errors in the Report and Recommendation.

[2] The Report recommends that the Court: (1) grant, with prejudice, Tolmar's motion to the extent
that it seeks to dismiss Counts I-VI (infringement of the asserted claims of the '547 and the '261
patents) for failure to comply with the marking statute; (2) grant, without prejudice (to the extent
necessary, depending on this Court's decision on the marking issue), Tolmar's motion to dismiss
claims 3, 4, 23, 26, 33, and 36 of the '261 patent, claims 2 and 6 of the '547 patent, and claim 2
of the '712 patent for failure to plead sufficient factual allegations of infringement; and (3) deny
Tolmar's motion on all other grounds. (Report at 29-30; D.I. 95 at 2)

the patent marking statute, 35 U.S.C. § 287, bars Horatio from recovering damages for infringement of the '547 and '261 patents;

WHEREAS, also on November 15, 2018, Tolmar objected ("Tolmar's Objections" or "Tolmar's Objs.") (D.I. 88) to the Report, specifically objecting to the Report's denial of Tolmar's motion pertaining to claim 23 of the '261 patent and claim 16 of the '712 patent;

WHEREAS, on November 29, 2018, Tolmar responded ("Tolmar Resp.") (D.I. 96) to Horatio's Objections, and Horatio responded ("Horatio Resp.") (D.I. 97) to Tolmar's Objections;

WHEREAS, the Court has considered the parties' objections and responses *de novo*, see *St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010); 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3);

**NOW THEREFORE, IT IS HEREBY ORDERED** that Horatio's Objections (D.I. 89) are **OVERRULED**, Tolmar's Objections (D.I. 88) are **OVERRULED** (to the extent they are not moot), Judge Burke's Report (D.I. 77) is **ADOPTED**, and Tolmar's motion to dismiss (D.I. 12) is **GRANTED-IN-PART** and **DENIED-IN-PART**, all for the following reasons:

1.      The patent marking statute, 35 U.S.C. § 287(a), provides in relevant part that when a patentee or patent licensee makes or sells a product practicing the patent, the patentee can only recover damages from one who infringes the patent if: (1) the patentee or licensee has marked its product in the manner specified in Section 287(a) (i.e., the infringer has "constructive notice" of infringement); or (2) the patentee actually notifies the infringer of its infringement.  In the case of actual notice, a patentee may only recover damages for infringement occurring after notice was given.

2.      The Report concludes that Section 287(a) bars Horatio from recovering damages for the '547 and '261 patents because: (1) a former owner of the patents-in-suit, ALZA

2

Corporation ("ALZA"), marketed a product practicing the '547 and '261 patents; but (2) ALZA failed to mark its product in compliance with Section 287(a); (3) Horatio only first provided Tolmar with actual notice of infringement upon the filing of its Complaint in this case; and (4) the '547 and '261 patents expired before the Complaint was filed, so Tolmar cannot be liable for damages that would otherwise have accrued after receiving actual notice of infringement (due to the expiration of the patents). (Report at 7-20)

3.      Horatio contends that the Report errs in applying the word "patentee" in Section 287(a) to entities like Horatio – namely, "later-in-time assignees who never sold any product and never had a relationship with the entity that did sell product." (Horatio's Objs. at 6) To Horatio, 35 U.S.C. § 100(d), which defines "patentee," when read together with Section 287, "informs a statutory construction that applies, in the case of a successor in title, only to a successor in title that engages in 'making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States.'" (*Id.* at 5) (quoting 35 U.S.C. § 287(a)) As Horatio is none of these, it contends it is not subject to the requirements of Section 287(a). (*Id.*)

4.      The Court disagrees. As noted by the Report, Section 100(d) explicitly defines "patentee" to "include[] not only the patentee to whom the patent was issued but also the successors in title to the patentee." (Report at 16) (quoting 35 U.S.C. § 100(d)) Therefore, Horatio, as successor in interest to ALZA, is a "patentee" for purposes of Section 287(a), and is subject to the same requirements under Section 287(a) as its predecessors-in-title would be. (*Id.*)

5.      Horatio's argument that it is not subject to the marking requirement because it is not "in privity" with any entity that practiced the patents also lacks merit. (*See* Horatio's Objs. at 5-6) Horatio's contentions cannot overcome the text of Sections 100(d) and 287(a), noted above.

(*See also* Report at 14-18)  Additionally, while Horatio distinguishes cases based on the purported lack of privity here, it does not cite any authority actually supporting the proposition that the sale of a patent to an unrelated non-practicing entity absolves prior non-compliance with the marking requirement.

6.      Horatio further faults the Report for its treatment of Horatio's argument that "Section 287(a) should not limit its pre-suit damages . . . [because] there was no product continuity between the ALZA product that was allegedly unmarked and any product that Plaintiff has made or sold." (Horatio's Objs. at 6) (internal quotation marks and alterations omitted)  This contention lacks merit.  It appears that Horatio's "product continuity" argument is simply a restatement of its lack of privity argument already addressed, and so fails for the same reasons.  To the extent this is, instead, an argument for a separate exception to Section 287(a) (i.e., where there is no product continuity), the Court agrees with the Report that this position was not fairly raised in Horatio's briefing (*see* D.I. 19 at 14-19) and, therefore, is waived.[3]  (*See* Report at 15 n.4)

7.      Horatio argues that the Report errs in concluding that the listing of a product in the Orange Book as practicing specific patent(s) provides neither constructive nor actual notice of infringement under Section 287(a).  (Horatio's Objs. at 8)  For the reasons thoroughly stated in the Report, the Court concludes that Horatio's Objections on this basis lack merit.  (*See* Report at 8-14)

---

[3] Moreover, on the merits, Horatio has cited no authority supporting its contention that there is a "product continuity" requirement in order for a past marking failure to be imputed to a patent's new owner. (*See* Horatio's Objs. at 6-7)  Sections 100(d) and 287(a) do not explicitly contain a "product continuity" requirement.

8.      Finally, Horatio argues that the Report errs in concluding that the effect of a

failure to mark is not limited by 35 U.S.C. § 286, which provides a six-year limitation on

damages. (Horatio's Objs. at 9-10) Horatio distinguishes three cases holding that Section 287(a)

barred recovery – *Lambda Optical*, *Alpex*, and *Tulip*[4] – on the basis that in those cases, unlike

here, the failure to mark occurred within the six-year damages period. (*Id.*) The Court is

unpersuaded. None of the cases cited by Horatio conditioned its holding on the fact that the

failure to mark occurred within the six-year damages period. As the Report explains, under a

proper reading of the statutory text, Section 286 does not serve to limit the applicability of

Section 287(a). (*See* Report at 18 n.9)

9.      Tolmar objects to the Report because it does not recommend dismissing, for

pleading deficiencies, Horatio's allegations of infringement of claim 23 of the '261 patent and

claim 16 of the '712 patent. (Tolmar's Objs. at 2-4)

10.      With respect to claim 23 of the '261 patent, the Court concludes that Tolmar's

objection is moot. The Report's errata corrected apparent typographical errors in which the

Report referenced claim 22 of the '261 patent instead of claim 23; the corrected Report does

recommend dismissal of claim 23. (D.I. 95) Further, as Tolmar acknowledges (Tolmar's Objs.

at 2 n.2), this objection is mooted by the Court's dismissal of the '261 patent in its entirety based

on Horatio's failure to comply with the marking statute.

11.      With respect to claim 16 of the '712 patent, the Court agrees with the Report's

recommendation not to dismiss this claim. The burden on a motion to dismiss under Rule

---

[4] *Lambda Optical Sols. LLC v. Alcatel Lucent USA Inc.*, C.A. No. 10-487-RGA, 2015 WL 5458269 (D. Del. Sept. 17, 2015); *Alpex Computer Corp. v. Parker Bros.*, 1988 WL 507622 (D. Mass. Aug. 12, 1988); *Tulip Computers International B.V. v. Dell Computer Corporation*, C.A. No. 00-981-KAJ, 2003 WL 1606081 (D. Del. Feb. 4, 2003).

12(b)(6) "is on the moving party." *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). Here, as Horatio points out, "Tolmar did not identify claim 16 of the '712 patent as subject to dismissal . . . . Indeed, aside from being identified as an asserted claim, Tolmar's briefing on its motion to dismiss never mentions – much less asks for any specific relief regarding – claim 16 of the '712 patent." (Horatio Resp. at 1 (internal citation omitted); *see also* Tolmar Objs. at 4) Tolmar's contention that claim 16 of the '712 patent contains a "substantively identical limitation" to claim 3 of the '261 patent (Tolmar's Objs. at 3) – the latter being a claim the Report did recommend dismissing – does not persuade the Court that it should dismiss allegations that Tolmar infringed claim 16 of the '712 patent (or that the Report's failure to recommend doing so was "due to an apparent oversight") (*id.* at 4).[5]

March 20, 2019
Wilmington, Delaware

        HONORABLE LEONARD P. STARK
        UNITED STATES DISTRICT COURT

---

[5] Additionally, at this point, Tolmar has a great deal more knowledge of the allegations it is facing, as Horatio has by now identified the accused products and provided initial and final infringement contentions. (*See* D.I. 22) Additionally, claim construction has been fully briefed, argued, and resolved by the Court. (D.I. 102, 103) While the Court has resolved the motion to dismiss based on the motion to dismiss briefing, and the adequacy of the complaint, the Court has these additional bases for its confidence that Tolmar has sufficient notice to prepare its defense.